**Carl Post, OSB No. 06105**
carlpost@lawofficeofdanielsnyder.com
**John David Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
Of Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **J.S.S.**, | Case No. 3:24-cv-413 |
| Plaintiff, | **COMPLAINT** |
| v. | **(42 U.S.C. § 1983, and pendent state claims)** |
| **NORTHERN OREGON CORRECTIONS,** a regional correctional facility; and **JOSUE PEREZ**, | **JURY TRIAL DEMANDED** |
| Defendants. | |

### PRELIMINARY STATEMENT

1.      This is an action for damages, including compensatory damages, attorney fees, costs, and interest.

2.      In this action pursuant to 42 U.S.C. § 1983, Plaintiff J.S.S.[1] seeks redress for the

---

[1] Plaintiff appears by her initials (J.S.S.) for fear of retaliation, humiliation, and abuse.

PAGE 1 – COMPLAINT

violation of her civil rights by Defendants under the Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory damages, attorneys' fees, and costs.

3. Plaintiff also pleads pendent state claims for hostile work environment, negligence, battery, and intentional infliction of emotional distress.

## JURISDICTION

4. This Court has subject matter jurisdiction of this lawsuit under both 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343 (civil rights jurisdiction).

5. Venue is proper in the Portland Division of the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claim arose in this Judicial District because a substantial part of the events giving rise to the claims occurred in Wasco County, which is in the Portland Division.

6. Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions or common law as the state claims arise from the same nucleus of operative facts as the federal claims.

7. To the extent applicable to any claims alleged herein, Plaintiff fully complied with the Oregon Tort Claims Act.

## PARTIES

8. Plaintiff is a female citizen of the United States of America. At all times relevant, Plaintiff was incarcerated at Northern Oregon Correctional Facility in Wasco County, Oregon.

9. Defendant Northern Oregon Corrections (hereafter "NORCOR") operates Northern Oregon Correctional Facility, a regional correctional facility, as defined by Or. Rev. Stat. § 169.620. NORCOR serves Hood River County, Wasco County, Sherman County, and Gilliam County. NORCOR acted individually and jointly under color of state law to deprive Plaintiff of her civil rights. Because NORCOR acted knowingly, recklessly, and in disregard of

well-established law, with no objectively reasonable basis for its actions, its action was an abuse of government power.

10. Defendant Josue Perez was a Deputy Sheriff of NORCOR. Defendant Perez acted individually and jointly under the color of state law to deprive Plaintiff of her civil rights. Because Defendant Perez acted knowingly, recklessly, and in disregard of well-established law, with no objectively reasonable basis for his actions, his actions were an abuse of government power.

## GENERAL FACTUAL ALLEGATIONS

11. Plaintiff entered NORCOR custody on or about May 21, 2023.

12. Plaintiff was placed in quarantine in 100 block for short period of time but was eventually transferred out. In the beginning of her stay she encountered another inmate, K.C., who was about to be released. K.C. had been having a romantic relationship with Defendant Perez, and as she was leaving, he was looking for a new inmate to groom.

13. Defendant Perez began grooming plaintiff from the beginning. He would seek out assignments so he could be on the same unit as Plaintiff. Plaintiff moved several times but each time she was moved, Defendant Perez would be in the unit. He began flirting with her when he made contact. He would drop off trays at her cell, take her out of her cell and search her cell. When he did so he would contrive to touch her hands and buttocks with his hands in a sexual manner. He did this numerous times.

14. Rumors were going through the inmate population about Defendant Perez's conduct with female staff.

15. Toward the end of her stay at NORCOR Plaintiff moved to 1500 block, which was the worker dorm, so she could get a job. Defendant Perez came to that unit and sought out work assignments there so he could be around Plaintiff.

16. Plaintiff then moved to 1200 block, which is a small, secluded unit. Defendant Perez moved to that unit and was there routinely. Plaintiff was working at that time cleaning at night. Defendant Perez began taking her to her work assignment and would speak to her about seeing her when she was released.

17. The week before her release, she was in the shower. He was walking past, saw her, and walked into the shower area. She was alone at this time. He put his arms around her, reached under her towel and grabbed her bare buttocks. He then walked out.

18. Later that week while she was getting supplies, Defendant Perez spoke to her over the intercom while she was in the attorney booth. He put the booth on "private," and pressured Plaintiff to agree to let him pick her up when she was released. She reluctantly agreed.

19. On July 26, 2023, Plaintiff was released from NORCOR at 5:30. Defendant Perez picked her up in front of the market down the street from NORCOR and drove her around. While she was in the car, he stuck his hand in her pants and grabbed her vulva and penetrated her with his finger. She did not consent to this touching. She grabbed his hand and pulled it out and convinced him to stop and let her out of the car. This was near the parole office where she was required to go upon release.

## COUNT I

### (Or. Rev. Stat. § 659A.030 – Hostile Work Environment)

### (Against NORCOR)

20. Plaintiff re-alleges all relevant paragraphs as if fully set forth herein.

21. NORCOR is an "employer" within the meaning of Or. Rev. Stat. §§ 659A.001(4) and 659A.030.

22. NORCOR discriminated against Plaintiff with respect to the terms and conditions of her employment because of her sex and gender.

23. NORCOR's conduct violated Or. Rev. Stat. § 659A.030.

24. As a result of NORCOR's unlawful employment actions, Plaintiff suffered, and continues to suffer, non-economic damages. Plaintiff is entitled to damages, attorney fees, costs, and interest as alleged below.

## COUNT II

### (Or. Rev. Stat. § 659A.030(1)(g) – Aiding and Abetting)

### (Against Defendant Perez)

25. Plaintiff re-alleges all relevant paragraphs as if fully set forth herein.

26. Defendant Perez aided, abetted, incited, compelled, and coerced the unlawful employment practices of NORCOR, as alleged above, against Plaintiff by sexually harassing her at her place of work.

27. Defendant Perez's actions violated Or. Rev. Stat. § 659A.030(1)(g), are an unlawful employment practice and caused Plaintiff non-economic damages.

28. As a result, Plaintiff suffered damages and is entitled to the damages and other relief set forth below.

## DAMAGES FOR COUNTS I AND II

29. Plaintiff is entitled to an award for economic damages of not less than $200 per Or. Rev. Stat. § 659A.885. Plaintiff should be awarded economic damages in an amount determined to be fair by a jury.

30. Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other non-pecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined to be fair by a jury.

31. Defendant's acts were willful and malicious and done with reckless indifference to Plaintiff's protected rights. Defendants should be assessed with punitive damages in an

amount as fixed by a jury to punish them and to deter such conduct in the future.

32. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

33. Pursuant to Or. Rev. Stat. § 659A.885, and Or. Rev. Stat. § 20.107, Plaintiff is entitled to recover her reasonable attorney fees and costs, including expert witness fees.

34. Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## COUNT III

**(42 U.S.C. § 1983)**

**(Against Defendant NORCOR)**

35. Plaintiff re-alleges all relevant paragraphs as if fully set forth herein.

36. Defendant NORCOR's polices and training were inadequate to prevent sexual assault of inmates, and NOROCR was deliberately indifferent to the substantial risk that its policies and training were inadequate to prevent violations of law by its employees.

37. Defendant NORCOR's failure to prevent violations of law by its employees or provide adequate training caused the deprivation of the plaintiff's rights by Defendant Perez; that is, NORCOR's failure to prevent violations of law by its employees or to train played a substantial part in bringing about or causing Plaintiff's injuries.

38. As a direct and proximate result of NORCOR's unlawful actions, Plaintiff has suffered damages including physical, mental, and emotional pain and suffering, mental anguish, humiliation, and embarrassment.

39. Plaintiff is entitled to non-economic damages sufficient to compensate her for emotional distress and other non-pecuniary losses in an amount to be proved at trial. Plaintiff

should be awarded non-economic damages in an amount determined to be fair by a jury.

40. Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

41. Plaintiff is entitled to equitable relief, including, but not limited to, a declaration that the defendants violated Plaintiff's constitutional rights, and an injunction prohibiting constitutional violations.

42. Plaintiff is entitled to her attorney fees and costs, pursuant to 42 U.S.C. §§ 1988 and 1820.

## COUNT IV

### (42 U.S.C. § 1983)

### (Against Defendant Perez)

43. Plaintiff re-alleges all relevant paragraphs as if fully set forth herein.

44. Defendant Perez engaged in a deliberate and outrageous invasion of Plaintiff's bodily integrity in violation of her rights under the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983. Defendant Perez misused and abused the official power granted to him by the state in the performance of his official duties thereby causing harm to Plaintiff. Defendant Perez engaged in conduct with malice and deliberate indifference to Plaintiff's constitutional and statutory rights.

45. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered damages including physical, mental, and emotional pain and suffering, mental anguish, humiliation, and embarrassment.

46. Plaintiff is entitled to non-economic damages sufficient to compensate her for emotional distress and other non-pecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined to be fair by a jury.

47. Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

48. Plaintiff is entitled to her attorney fees and costs, pursuant to 42 U.S.C. §§ 1988 and 1820.

## COUNT V

### (Negligence)

### (Against NORCOR)

49. Plaintiff re-alleges all relevant paragraphs as if fully set forth herein.

50. NORCOR knew or should have known that failure to put a stop to Defendant Perez's sexual harassment and assault of female inmates would lead to an environment in which Defendant Perez felt free to pressure women for sex and to commit assault and battery on them.

51. NORCOR knew or should have known that Defendant Perez was using his position to stalk and groom Plaintiff. Before he assaulted Plaintiff, Defendant Perez had harassed and sexually assaulted other female inmates. NORCOR permitted Defendant Perez to be alone in circumstances that would allow him inappropriate access to inmates such as the showers and attorney rooms.

52. NORCOR was negligent in supervising Defendant Perez, which resulted in him sexually harassing and assaulting Plaintiff.

53. NORCOR acted unreasonably as alleged above.

54. As a consequence of NORCOR's unreasonable conduct, Defendant Perez assaulted Plaintiff.

55. NORCOR's conduct was a substantial factor in causing harm to Plaintiff.

56. As a result of NORCOR's breach of its duty toward Plaintiff, she suffered physical personal injuries and emotional distress.

57. NORCOR is responsible for the conduct of their employees, which caused foreseeable harm to Plaintiff.

58. Plaintiff is entitled to non-economic damages, a prevailing party fee, her costs, and her disbursements, as alleged below.

## COUNT VI

### (Battery)

### (Against NORCOR and Defendant Perez)

59. Plaintiff re-alleges all relevant paragraphs as though fully set forth herein.

60. Defendant Perez and NORCOR's conduct on and before July 26, 2023, caused the unconsented to and intentional harmful and offensive contact with Plaintiff which constitutes a battery of her.

61. Plaintiff is entitled to non-economic damages, a prevailing party fee, her costs, and her disbursements, as alleged below.

## COUNT VII

### (Intentional Infliction of Severe Emotional Distress)

### (Against NORCOR and Defendant Perez)

62. Plaintiff re-alleges all relevant paragraphs as though fully set forth herein.

63. Defendants NORCOR and Defendant Perez intended to cause or knew or should have known that their conduct would have caused, Plaintiff severe emotional distress. As alleged in the paragraphs above, Defendants' conduct caused Plaintiff severe mental or emotional distress from the foreseeable and highly unpleasant emotional reactions, including fright, grief, shame, humiliation, intimidation, embarrassment, anger, disappointment, and worry.

64. NORCOR and Defendant Perez's conduct was outrageous and extraordinarily beyond the bounds of socially tolerable behavior.

65. Plaintiff is entitled to economic and non-economic damages, a prevailing party fee, her costs, and her disbursements, as alleged below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment against Defendants, and requests that this Court enter an Order as follows:

a) Compensatory damages to compensate Plaintiff for her non-economic damages in a sum that is just as determined by a jury;

b) Not less than $200 in compensatory damages to compensate Plaintiff for her economic damages;

c) Punitive Damages;

d) Plaintiff's costs and disbursements incurred herein;

e) Plaintiff's attorney fees pursuant to Or. Rev. Stat. § 659A.885, Or. Rev. Stat. § 20.107, 42 U.S.C. § 1988; and

f) For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by Jury.**

DATED: March 5, 2024.

**Law Offices of Daniel Snyder**

  /s/ John Burgess
Carl Post, OSB No. 06105
carlpost@lawofficeofdanielsnyder.com
John David Burgess, OSB 106498
johnburgess@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249

Of Attorneys for Plaintiff